**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


STEPHNEY LEININGER,

      Plaintiff,

                              CASE NO. 2:06-cv-12249
   v.                          HONORABLE DENISE PAGE HOOD

RELIASTAR LIFE INSURANCE CO.,

      Defendant.

_____/


**ORDER ACCEPTING REPORT AND RECOMMENDATION**

**I.      INTRODUCTION**

This matter is before the Court on Magistrate Judge Paul Komives' Report and
Recommendation dated August 21, 2007.  Plaintiff filed an Objection to the Magistrate Judge's
Report and Recommendation.  The Magistrate Judge recommended that Defendant's January 3,
2007 Motion for Summary Judgment be granted.

**II.     STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and
Recommendation is set forth in 28 U.S.C. §636.  This Court "shall make a *de novo* determination
of those portions of the report or specified proposed findings or recommendations to which objection
is made." 28 U.S.C. §636(B)(1). This Court "may accept, reject or modify, in whole or in part, the
findings or recommendations made by the magistrate." *Id.*

**III.    LAW & ANALYSIS**

This Court agrees with the Magistrate Judge that Defendant's January 3, 2007 Motion for Summary Judgment should be granted for the reasons set forth in the Report and Recommendation and below.

With regard to Plaintiff's claim for sex discrimination, this Court agrees with the Magistrate's recommendation that Plaintiff has failed to meet her burden under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff has failed to satisfy the third and fourth elements of the *McDonnell* test for proving discrimination, as she has offered as evidence only her subjective belief that she was "set up to fail" because of her sex. Defendant has presented evidence that the employees identified by Plaintiff as "similarly situated" were not in fact similarly situated. Plaintiff identified Bryan Anderson, Jeff Stuhr, and Christopher Beck as comparables. (Mot. S.J. Resp. Br., p. 9) As noted by the Magistrate Judge, Anderson was not subject to the ING Employee Benefits Bonus Agreement for Sales Representatives since he left ReliaStar/ING in November 2000, prior to the effective date of the ING Bonus Agreement in 2001 and left five years prior to Plaintiff's firing. Anderson was not in the same situation as Plaintiff, especially since ING acquired ReliaStar. Stuhr cannot be a comparable since Stuhr was the decision maker over Plaintiff at the time Stuhr was transferred in November 2002, as noted by Plaintiff in her response brief. (Mot. S.J. Resp. Br., p. 1) (Plaintiff reported to Stuhr from March 2000 to October 2000). As such, Stuhr and Plaintiff did not report to the same decision maker. Beck also cannot be a comparable since he was hired in September 2006, nine months after Plaintiff was terminated and has a different educational and sales experience than Plaintiff at the time Plaintiff was hired seven years earlier. Plaintiff has failed to create a genuine issue of fact as to whether she has stated a *prima facie* case of sex discrimination.

2

As to Plaintiff's claim for age discrimination, this Court agrees with the Magistrate's recommendation that Plaintiff has failed to establish a genuine issue of material fact with respect to her prima facie case of age discrimination. Plaintiff alleges that a younger employee was treated more favorably than she, but fails to offer any evidence that supports this claim. Further, Plaintiff claims that she was terminated instead of receiving a transfer because she was close to age 55, but fails to offer anything more than temporal proximity to establish the claimed discriminatory animus.

Addressing Plaintiff's contract and related equitable claims, this Court agrees with the Magistrate that Defendant is entitled to summary judgment on Plaintiff's contract and related equitable claims. First, there is no genuine issue of material fact that the Agreement constitutes an implied-in-fact contract with respect to Plaintiff's entitlement to bonuses and commissions. Second, Plaintiff does not allege in her Complaint that her *termination*, as opposed to Defendant's failure to pay commissions, constituted a breach of contract. Plaintiff's claim that Defendant's reliance on the ambiguous Improvement Plan in terminating her employment created a genuine issue of material fact as to whether Defendant breached the contract is without merit since Plaintiff was an at will employee. Third, Plaintiff has presented no evidence that she satisfied the condition precedent required for her entitlement to severance benefits. Fourth, although Defendant voluntarily elected to pay Plaintiff her Holdback Bonus, this does not impose a contractual obligation on Defendant to provide the Bonus that would entitle Plaintiff to summary judgment in her favor.

The Court agrees with the Magistrate's recommendation that Plaintiff's fraud claim fails as a matter of law, because she has failed to set forth a *prima facie* case of fraud.

Plaintiff's claims for accounting and exemplary damages must also fail, as these claims are for remedies which are derivative of her substantive claims for relief.

With regard to Plaintiff's claim brought under the Bullard-Plawecki Employee Right to Know Act, the Court agrees with the Magistrate's recommendation that the Defendant is entitled to summary judgment as a matter of law, because the Plaintiff has failed to establish a violation of the Act.

This Court agrees with the Magistrate's recommendation that the Defendant is entitled to summary judgment on Plaintiff's claim that Defendant violated § 510 of the Employee Retirement Income Security Act (ERISA), as Plaintiff has not established a *prima facie* case of ERISA interference.

## IV.    CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Paul Komives **[Docket No. 38 dated August 2, 2007]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

IT IS FURTHER ORDER that Defendant's Motion for Summary Judgment **[Docket No. 20 filed January 3, 2007]** is GRANTED and this case is DISMISSED with prejudice.

                                                        s/ DENISE PAGE HOOD
                                                        DENISE PAGE HOOD
DATED: September 28, 2007                               United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2007, by electronic and/or ordinary mail.

                                                        S/William F. Lewis
                                                        Case Manager